UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

GARY JAYMIE HUNTER JOHNSON,

Plaintiff,

v.

ALL BRAVO SHIFT STAFF ASSIGNED TO IMSI BRAVO BLOCK HOUSING, CPL. JACKSON, and JONATHAN WARD,

Defendants.

Case No. 1:26-CV-00328-AKB

**INITIAL REVIEW ORDER BY SCREENING JUDGE**

The Court now reviews the Complaint of Plaintiff Gary J.H. Johnson to determine whether it or any of his claims should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having reviewed Plaintiff's filings, the Court enters the following Order requiring him to file an amended complaint.

## REVIEW OF COMPLAINT

### 1. Standard of Law for Summary Dismissal

The Court must dismiss prisoner and in forma pauperis claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Inmates have a right to adequate food under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) ("Adequate food is a basic human need protected by the Eighth Amendment.")."A reasonable corrections officer should know that when an inmate can be fed without risk to the prison officer's safety . . . the prison official cannot arbitrarily deny an inmate his meals." *Foster v. Runnels*, 554 F.3d 807, 815 (9th Cir. 2009). "A reasonable officer should know that to do so could violate the inmate's Eighth Amendment rights by imposing punishment without penological justification." *Id*.

Prisoners also have the First Amendment "right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987). A prisoner is not required to compromise religious beliefs in order to obtain adequate nutrition. *See Sprouse v. Ryan*, 346 F. Supp. 3d 1347, 1355–57 (D. Ariz. 2017).

A First Amendment free exercise of religion claim must contain facts establishing these elements: (1) the inmate has a sincerely held belief, and (2) the defendants burdened the practice of religion (3) by preventing the inmate (4) from engaging in conduct mandated by the inmate's faith (5) without any justification reasonably related to legitimate penological interests. *Shakur v.*

*Schriro*, 514 F.3d 878, 884-885 (9th Cir. 2008) (relying on *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

**2. Discussion**

Plaintiff alleges that prison staff assigned to his housing unit are denying him food from time to time, in violation of the Eighth Amendment. His Complaint alone (Dkt. 3) is too vague to be actionable, but he has also filed a "Motion for Release of Records" (Dkt. 4) which also provides a diary when and why Plaintiff was deprived of food. Plaintiff sometimes has his overhead light turned off or his window covered when his food arrives; some officers will not serve him the food without Plaintiff cooperating regarding the lights and unauthorized covers. Plaintiff may proceed on his deprivation of food claim, but Defendants may assert defenses regarding Plaintiff's alleged unauthorized behavior.

Plaintiff's diary also contains allegations that he is on a kosher diet for religious reasons, but the food served to him is not always kosher. This allegation states a claim upon which he may proceed.

Plaintiff also asserts that sometimes his prepackaged Kosher food has been opened before he receives it. This is not a constitutional violation unless it also has been contaminated by coming into contact with nonkosher foods or utensils. Plaintiff may not proceed on this particular claim.

Plaintiff also asserts that prison staff regularly fail to charge his state-issued tablet. It does not appear that these allegations state a federal claim upon which relief can be granted. Plaintiff must use the prison grievance system to remedy this issue.

**3. Conclusion**

The Court will construe the Motion as a supplement to the Complaint (Dkts. 4, 3). Plaintiff may proceed on insufficient food and lack of kosher food claims against the named Defendants,

but not against the entire group of staff on his unit. If Plaintiff desires to proceed against other individuals, he must file an amended complaint that provides names and alleges a sufficient causal connection between *each* defendant's actions and the claimed deprivation of his constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (1989).

This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation. Amendment is permitted within the time frame specified below.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion for Release of Records (Dkt. 5) is DENIED as MOOT. Defendants will be required to provide Plaintiff with his records under the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

2. Plaintiff may proceed against **Defendant Corporal Jackson (F750) and Jonathan Ward** on claims of lack of sufficient meals under the Eighth Amendment and lack of kosher meals under the First Amendment.

3. Defendants Jackson and Ward will be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendant chooses to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly,

the Clerk of Court will forward a copy of the Complaint and Motion (construed together as the operative pleadings in this case) (Dkts. 3, 4), a copy of this Order, and a Waiver of Service of Summons to the following counsel: James Craig, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706, on behalf of Defendants Jackson and Ward.

4. Claims against all other Defendants are dismissed at this time without prejudice to amendment, and they will be terminated as parties to this case.

5. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

6. If Plaintiff receives a notice from counsel indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service address of Defendant, or claims will be dismissed without prejudice without further notice.

7. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

8. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

9. Dispositive motions must be filed within 300 days after entry of this Order.

10. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

11. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

13. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions

submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

15. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: October 14, 2026

Amanda K. Brailsford
U.S. District Court Judge